## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| KELVIN D. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05-CV-140-CDP |
| | ) |
| DAVID INMAN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Kelvin D. Moore for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

*See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $27.50, and an average monthly account balance of $18.73. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendant is David Inman, a police officer with the Caruthersville Police Department.

Liberally construing plaintiff's complaint, it appears that plaintiff alleges that he was arrested on drug charges after defendant Inman illegally searched his vehicle. Plaintiff states that defendant was dispatched to a domestic dispute between plaintiff and his girlfriend. Plaintiff alleges that, without his consent, defendant Inman took his car keys, searched his vehicle and seized evidence that was not in plain view. Plaintiff alleges that the search and seizure were beyond the scope of the domestic dispute call and warrantless. Plaintiff seeks declaratory, injunctive and monetary relief.

**Discussion**

The gravamen of plaintiff's complaint is that defendant Inman illegally searched his vehicle and seized evidence, which resulted in his being arrested and charged with a drug offense. Plaintiff is bound over, awaiting trial on the underlying criminal matter.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck,* 512 U.S. at 486-87. The Supreme Court further directed that, when reviewing a state prisoner's § 1983 complaint for damages, this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The rationale of *Heck* concerning a post-conviction §1983 claim for damages applies equally to a pre-conviction § 1983 claim for damages that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases. Plaintiff, for example, could use a favorable determination in his § 1983 civil action to attack collaterally an adverse decision in his state criminal case. In terms of the harm that *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted.

In the case at hand, plaintiff claims that evidence was seized when his vehicle was illegally searched. A favorable determination on plaintiff's § 1983 claim would necessarily imply the invalidity of a potential conviction on his pending criminal charge. Therefore, plaintiff's complaint should be dismissed for failing to state a claim on which relief may be granted. *See Harvey v. Waldron*, 210 F.3d 1008, 1013-16 (9th Cir. 2000); *Beck v. Muskogee Police Dep't,* 195 F.3d 553, 556-59 (10th Cir. 1999); *Shamaiezadeh v. Cunigan*, 182 F.3d 391, 394-99 (6th Cir. 1999);

*Covington v. New York*, 171 F.3d 117, 121-24 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997).

Even if not barred by *Heck,* plaintiff's claims should still be dismissed on abstention grounds due to the pending state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Bonner v. Circuit Court of the City of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**